**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 13-07164 |
| MARY MASTROBERTI-BEARD | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |

**ORDER**

This matter comes before the Court on the Motion for Modification of Chapter 13 Plan Post-Confirmation filed by Fernlakes Homeowners Association, Inc. ("Fernlakes"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.[1]

**FINDINGS OF FACT**

1. In 1998, Mary Mastroberti-Beard ("Debtor") purchased real property in Beaufort County, South Carolina, which was subject to the Declaration of Covenants of Rights, Restrictions, Affirmative Obligations and Conditions of Fernlakes.

2. Debtor ultimately fell behind on payments to both her mortgage company and Fernlakes, causing her mortgage company to institute foreclosure proceedings against Debtor in Beaufort County, South Carolina, case number 2012-CP-07-3041.

3. Fernlakes was a named Defendant in the foreclosure proceeding and filed a cross claim on which it obtained a judgment in the amount of $8,058.81 against the Debtor on October 25, 2013, for the debt owed to Fernlakes by Debtor.

4. On December 2, 2013, Debtor filed this Chapter 13 case.

---

[1] To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the following conclusions of law constitute findings of fact, they are so adopted.

5.  On December 16, 2013, Debtor filed her Chapter 13 Plan ("Plan") and Related Motions which, among other things, sought to avoid the judicial lien held by Fernlakes under 11 U.S.C. § 522(f). Fernlakes was properly served with a copy of the Plan and did not timely file an objection.

6.  Fernlakes filed a secured Proof of Claim in the amount of $8,015.81 on January 3, 2014.

7.  The Plan, including the lien avoidance, was confirmed by Order of this Court on March 13, 2014. The effect of the granting of the lien avoidance was to allow treatment of the prepetition claim of Fernlakes as an unsecured creditor.

8.  Following confirmation of Debtor's Plan, on June 27, 2014, Fernlakes filed its Motion for Modification of Chapter 13 Plan Post-Confirmation and the Debtor filed a timely Objection to this Motion and a hearing was held by the Court.  In the Motion, Fernlakes asserts that (1) its lien is akin to a statutory lien and was improperly avoided in the Plan; (2) Debtor has not demonstrated that the lien can be avoided under 11 U.S.C. § 522(f); and (3) Debtor would unjustly benefit if her plan was permitted to proceed to completion.

## **CONCLUSIONS OF LAW**

A Motion seeking to compel Debtor to amend a confirmed Chapter 13 plan is governed by 11 U.S.C. § 1329[2] which states, in pertinent part,:

> "(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim..."

The Fourth Circuit has further clarified what is necessary to successfully request modification of a confirmed plan in this District in two cases.

---

[2] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be by section number only.

In <u>In re Arnold</u>, 869 F.2d 240 (4th Cir. 1989), an unsecured creditor sought modification of a debtor's confirmed Chapter 13 plan three years after the filing of the debtor's bankruptcy case. The creditor in that case asserted that the debtor's financial situation had changed dramatically since the time of filing, with his income increasing from $80,000 to over $200,000 at the time modification was requested. The debtor in that case appealed the bankruptcy court's order requiring him to increase his payment to the trustee based on his new income. The Fourth Circuit concluded that the bankruptcy court did not abuse its discretion by increasing the monthly payment, because the increase in salary was a substantial and unanticipated change in the debtor's financial condition. The Fourth Circuit stated that "[t]he doctrine of *res judicata* bars an increase in the amount of monthly payments only where there have been no unanticipated, substantial changes in the debtor's financial situation." *Id*. at 243.

In <u>In re Murphy</u>, 474 F.3d 143, 150 (4th Cir. 2007), a Chapter 13 Trustee sought to modify the confirmed plans of two debtors, the first of which had refinanced their home mortgage and the other who had sold a condominium. The debtors who were refinancing their home were doing so due to an unanticipated decrease in income in hopes that the funds obtained from the refinancing would allow for payment of their living expenses and conclude their case. The Fourth Circuit concluded that a debtor's proposal of an early payoff through the refinancing of a mortgage simply did not alter the financial condition of the debtor and thus could not provide a basis for modification. The debtor who sold his condominium, however, stood to net $80,000 from the closing, a portion of which the Chapter 13 Trustee sought to pay that debtor's creditors in full. The Court relied on the reasoning of <u>Arnold</u> in holding that:

> [W]hen a bankruptcy court is faced with a motion for modification pursuant to §§ 1329(a)(1) or (a)(2), the bankruptcy court must first determine if the debtor experienced a substantial and unanticipated change in his post-confirmation financial condition. This inquiry will inform the bankruptcy court

>on the question of whether the doctrine of res judicata prevents modification of the confirmed plan. If the change in the debtor's financial condition was either insubstantial or anticipated, or both, the doctrine of res judicata will prevent the modification of the confirmed plan. However, if the debtor experienced both a substantial and unanticipated change in his post-confirmation financial condition, then the bankruptcy court can proceed to inquire whether the proposed modification is limited to the circumstances provided by 1329(a).

The Fourth Circuit required the modification, finding that the debtor experienced a substantial improvement in his financial condition through the appreciation in value of his condominium following the filing of the debtor's petition and debtor's receipt of a substantial amount of cash, without any corresponding debt, through the sale of the condominium.

In the case before the Court, Fernlakes did not allege that Debtor has had any substantial or unanticipated change in circumstances since the confirmation of her Chapter 13 Plan. Furthermore, no evidence of such a change was offered at the hearing on this matter. Fernlakes relied on case law providing that statutory liens never lose their nature as a statutory lien, but admitted at the hearing that its lien was not a statutory lien under South Carolina law. Fernlakes admitted that it received notice of the Plan and failed to file an objection to the Plan, and argued that its failure to file an objection was because it is an unsophisticated party. Based on the Arnold and Murphy decisions, absent a showing of a substantial and unanticipated change in the circumstances of the Debtor since the date of the Order confirming her Chapter 13 Plan, Fernlakes has not met its burden to show that modification of the plan after confirmation is appropriate. Fernlakes is thus bound by the doctrine of *res judicata* to the terms of the confirmed plan. 11 U.S.C. § 1327; United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010); In re Murphy, 474 F.3d at 149; In re Durham. 260 B.R. 383, 386-87 (Bankr. D.S.C. 2001).

Based on the foregoing, the Motion of Fernlakes to modify the Chapter 13 Plan post-confirmation is denied.  In as much as the Debtor has provided for payment of any prepetition amounts due, Fernlakes should not add fees or charges to the Debtor's account, including any attorneys fees and costs associated with the Motion.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/25/2014**



*(signature)*

US Bankruptcy Judge
District of South Carolina

Entered: 09/25/2014